# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-438 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| KORY STEVEN LOVELAND, | |
| Defendant. | |

Richard A. Newberry, Jr., Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Caroline Durham, Assistant Public Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

This case is before the Court on defendant Kory Loveland's motion to suppress evidence. In a Report and Recommendation dated May 15, 2008, United States Magistrate Judge Jeanne J. Graham recommended that this Court deny Loveland's motion. Loveland filed objections to the Report and Recommendation, which the Court has reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons given below, the Court adopts the Magistrate Judge's Report and Recommendation and denies defendant's motion to suppress.

# BACKGROUND[1]

On July 18, 2007, Sergeant Wayne Johnson of the Washington County Sheriff's Office stopped defendant Loveland for driving in excess of the speed limit. Johnson obtained Loveland's license and ran a records check of the license. The records check revealed that an outstanding arrest warrant had been issued for Loveland in the state of Idaho for violating parole on a felony conviction.

Johnson returned to the vehicle and asked Loveland to step out of the car. Loveland refused, and then began driving away. A high-speed chase ensued. The chase ended when Loveland crashed his vehicle. The officers then arrested Loveland, at which time Johnson observed a firearm on the floor of the front passenger seat.

The officers had Loveland's vehicle impounded. Johnson then reported the above information to Washington County Detective Gregory Reiter, who recited the information in an affidavit in support of a warrant to search Loveland's vehicle. The warrant was executed later that day, and officers recovered a firearm from the vehicle. Loveland was subsequently charged with being a felon in possession of a firearm.

Loveland filed a motion to suppress evidence from the search and seizure of the vehicle, challenging the sufficiency of the search warrant as well as the legal justification

---

[1] The factual background is based on the facts supplied by the Magistrate Judge, and is repeated here only to the extent necessary to resolve Loveland's objections.

for Johnson's initial stop of the vehicle.[2]   The Magistrate Judge recommended that this Court deny the motion.  Loveland then filed these objections.[3]

## ANALYSIS

Loveland's objections now challenge the initial seizure and impoundment of the vehicle.  Loveland appears to argue that because his vehicle was illegally impounded, the subsequent search of the vehicle was unjustified.   However, the "impoundment of a vehicle for the safety of the property and the public is a valid community caretaking function of the police."  *United States v. Petty*, 367 F.3d 1009, 1011-12 (8th Cir. 2004) (internal quotations omitted).  "Police may take protective custody of a vehicle when they have arrested its occupants, even if it is lawfully parked and poses no public safety hazard."  *Id.*

While Loveland did not raise this issue before the Magistrate Judge, the Court concludes that the officers were justified in their decision to seize and impound the vehicle.  Because Loveland was arrested, there was apparently no one available to drive the vehicle, and the presence of a crashed vehicle along the side of a road likely posed a public safety hazard.   In these circumstances, the Court finds that the officers were justified in their decision to impound the vehicle.   Moreover, the actual search of

---

[2] Loveland also filed a motion to suppress statements he made in an interrogation room in the jail.  The Magistrate Judge recommended that the motion be denied, and Loveland has not objected to that recommendation.  Accordingly, that recommendation is adopted without further discussion.

[3] The Court granted Loveland's motion for an extension of time to file objections, requiring that Loveland's written objections be filed by June 20, 2008.  The Court subsequently ordered that a response from the prosecution be filed on or before July 25, 2008.

Loveland's vehicle was conducted pursuant to a search warrant, and not as an inventory search incident to the impoundment of a vehicle. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987) (noting that the inventory search is a "well-defined exception to the warrant requirement of the Fourth Amendment"). As such, the decision to impound Loveland's vehicle is ultimately irrelevant to the subsequent search.

Loveland also argues that the search of his vehicle violated his Fourth Amendment rights because the warrant affidavit did not supply probable cause. The Fourth Amendment requires a showing of probable cause before a search warrant may be issued. U.S. Const. amend. IV; *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). In determining whether probable cause exists to support a search warrant, a detached and neutral magistrate judge must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing magistrate judge may consider only the facts and circumstances alleged in the affidavit accompanying the search warrant. *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003).

Here, the affidavit stated that Johnson's record check revealed an arrest warrant for Loveland for violating parole on a felony conviction. The affidavit also provided that following the high-speed chase, Johnson observed in plain view a firearm on the passenger side of the vehicle floor. Based on these facts, the Court agrees with the Magistrate Judge that there was a fair probability that Loveland possessed the firearm illegally, and that probable cause thus existed in support of a warrant to search

Loveland's vehicle.  The Court therefore overrules Loveland's objections and denies his motion to suppress evidence.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 32] and **ADOPTS** the Magistrate Judge's May 15, 2008 Report and Recommendation [Docket No. 27].  Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 12] is **DENIED**.

2.      Defendant's Motion to Suppress Statements [Docket No. 13] is **DENIED**.

DATED:    August 5, 2008                           _____ s/ John R. Tunheim _____ _
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                      United States District Judge